No. 8211.

## DOBSON ET AL. *v*. MARKLE.

VERDICT.—*Venire de Novo.*—*Default.*—*Evidence.*—In an action on a note and to foreclose a mortgage, the defendants. the mortgagors, made default; other parties, admitted as defendants, filed a cross complaint, averring that they were judgment creditors of the mortgagor, and that the mortgage was fraudulent and void as to creditors. The jury returned a verdict: "We, the jury, find for the plaintiff against all the

defendants, and we assess his damages at two thousand and seventy-eight. dollars and thirteen cents, and one hundred and sixty-five dollars and fifty cents attorney's fees."

*Held,* that this verdict was sufficiently certain to authorize the proper judgment, and that a motion for a *venire de novo* was properly overruled.

*Held,* also, that the filing of the cross complaint made no difference in the issues between the plaintiff and the mortgagors, and they having made default, and the note and mortgage having been given in evidence, the plaintiff was entitled to judgment against the mortgagors, regardless of the question as to whether the mortgage was fraudulent. and void as against creditors.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellants.
*H. D. Thompson,* for appellee.

FRANKLIN, C.—This was a suit brought by appellee against Julia A. Markle and Henry H. Markle, on a promissory note. and to foreclose a mortgage. The defendants were defaulted. Appellants Laban Dobson and John D. Markle, upon their petition, were permitted to become defendants to the action, and defend against the foreclosure of the mortgage. They then answered, that the mortgage was without considera-- tion; that it was fraudulent and void; and filed a cross. complaint, alleging that the mortgage was fraudulent as against creditors; that they were judgment creditors, and prayed to have the mortgage cancelled, and declared fraud-- ulent and void. Issues were formed by denials; trial by jury; verdict for plaintiff; motion for a *venire de novo,* and a. motion for a new trial, were both overruled and exceptions. reserved.

The errors assigned in this court are: 1st. The complaint. does not state facts sufficient; 2d. Overruling motion for a *venire de novo;* 3d. Overruling motion for a new trial.

The complaint is in the statutory form, and would have been good on demurrer. It is sufficient under the objection, now for the first time raised, that it does not state facts sufficient to constitute a cause of action.

The motion for a *venire de novo* was made upon the following verdict: "We, the jury, find for the plaintiff against all the defendants, and we assess his damages at two thousand and seventy-eight dollars and thirteen cents, and one hundred and sixty-five dollars and fifty cents attorney's fees." It is insisted that this verdict is uncertain and ambiguous, and that a judgment could not be rightfully rendered upon it. We think that a general verdict for the plaintiff covered all the issues that appellants were interested in, and was sufficiently certain to authorize the proper judgment. There was no error in overruling the motion for a *venire de novo*.

In the motion for a new trial, the first four reasons assigned are, substantially, that the verdict was not supported by the evidence, and was contrary to law.

The fifth and sixth reasons were based upon instructions to the jury. The seventh reason was for overruling the motion for a *venire de novo*.

This last reason is a proper subject for the assignment, in this court, of errors, but not a reason, before the court below, for a new trial.

We have examined the testimony and find it very conflicting; there was ample testimony on either side, if believed by the jury, to strongly tend to support a verdict either way, and, under these circumstances, this court will not undertake to weigh the testimony and interfere with the verdict of the jury.

The first and second instructions given by the court to the jury are the only ones complained of. The first reads as follows: "This is an action brought by Robert R. Markle for the purpose of procuring a judgment on a certain promissory note, set out in the complaint, and to foreclose a mortgage on certain lands described in the complaint, which mortgage was given to secure the payment of said promissory note; and, on this complaint, the defendants

Julia A. Markle and Henry H. Markle defaulted; and, therefore, the note and mortgage having been given in evidence, you have nothing to do in this case between the said Robert R. Markle and the said Julia A. Markle and Henry H. Markle, except to ascertain the amount upon said note, including principal and interest and attorneys' fees, and make the same your finding for said plaintiff and against said defendants; and the fact that you may find against said plaintiff and both of said defendants, on the cross complaint and answer of Laban Dobson and John D. Markle, will make no difference on the issue between said Robert R. Markle, Julia A. Markle and Henry H. Markle, because the fact that said note and mortgage may be fraudulent and void as to the creditors of Henry H. Markle, it would still be binding between the parties to such supposed fraud.''

We think this instruction states the law correctly upon the rights of these parties, under the default of these two defendants. This is a question in which appellants have no interest whatever, their rights are not in the least thereby affected, and of which they have no right to complain; in this instruction the jury are told how appellants' rights may be fully protected, notwithstanding such finding in relation to the other parties.

The second instruction reads as follows : ''But while, under the issues and the evidence, you will find for Robert R. Markle and against Julia A. Markle and Henry H. Markle, as above suggested; between the said Laban Dobson and John D. Markle, as plaintiffs to the cross complaint, and said Robert R. Markle, Julia A. and Henry H. Markle as defendants, a very different question is presented, and if, from all the facts and circumstances in evidence before you, you believe that the note and mortgage in suit were executed for the purpose of hindering or delaying the creditors of Henry H. Markle in the collection of their debts, and you further believe that Henry H. Markle was at the time of the

execution of said note and mortgage indebted to said Laban Dobson and John D. Markle, and you further believe from the evidence, that said Henry H. Markle was at the time of the execution of said note and mortgage insolvent, not having any other means wherewith to pay the said supposed debts due from him to said Laban Dobson and John D. Markle, then such note and mortgage would be fraudulent and void as to said Laban Dobson and John D. Markle. But, before the lands in controversy can be made subject to said debts of the said Laban Dobson and John D. Markle, you will go one step further in your inquiries and determine from the evidence whether the land in controversy was conveyed in good faith by David Kinsey and wife to the said Henry H. Markle, and if so the title still remains in the said Henry H. Markle, unless it has been conveyed away by the said Henry H. Markle to Julia A. Markle by proper deed or deeds of conveyance ; but will say to you that the alteration of said deed, by striking out the name of Henry H. Markle and inserting the name of Julia A. Markle, without the consent of said Kinsey and wife, would not be a proper deed of conveyance, and therefore would leave the title still in the said Henry H. Markle. But whether such deed was so altered or not, is a question of fact for you to determine from the evidence ; and on that question of fact, as also on all questions of fraud in this case, you will understand that the burthen of proof is on the plaintiffs in the cross complaint, to wit, on Laban Dobson and John D. Markle. And I will say, that if you find from the weight of the evidence, that the above named allegations of the cross complaint are true, your finding should be for the defendants Laban Dobson and John D. Markle against all the other parties to this suit. And, if you do not so find the facts in this case, your finding should be against the said Laban Dobson and John D. Markle on their cross complaint.''

We think this instruction was applicable to the issues in

the case, and the facts proven on the trial; and that it stated the law as favorably to appellants as they had a right to ask. We do not think that either of these instructions stated the law too strong against the appellants, or that either had a tendency to mislead the jury. The court did not err in its instructions. We have been cited to no authorities upon these instructions, and have not sought after any. There is no error in this record, and the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at appellants' costs.